UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TODD COMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:17-cv-759-CRS |
| v. | ) |
| | ) |
| MUTUAL OF OMAHA, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant, United of Omaha Life Insurance Company, erroneously named as "Mutual of Omaha" ("Defendant" or "United"), files this Notice of Removal to remove to this Court an action brought against it and currently pending in the Circuit Court of Jefferson County, Commonwealth of Kentucky, bearing Docket No. 17-CI-06112, and with respect thereto, would show this Court as follows:

**I.**

The above-styled cause was commenced in the Circuit Court of Jefferson County, Commonwealth of Kentucky, Case No. 17-CI-06112, by virtue of a Complaint filed by Plaintiff, Todd Compton, upon information and belief on or about November 16, 2017.

Defendant and/or the Commonwealth of Kentucky Department of Commerce and Insurance received a copy of Plaintiff's Complaint on or about November 27, 2017. Pursuant to 28 U.S.C. § 1446(a), a copy of the aforementioned Complaint and the Court file are attached and made a part of this Notice by reference.

1

## II.

Upon information and belief, Plaintiff is a citizen of the Commonwealth of Kentucky. *See* Complaint, ¶ 1.

## III.

The Complaint asserts a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), for the alleged nonpayment of insurance benefits to Plaintiff.  Complaint, ¶¶ 3, 20-22.  Specifically, Plaintiff makes a claim for benefits under ERISA § 502(a)(1)(B).  *Id*.  Plaintiff claims, "Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan."  Complaint, ¶ 20.

As stated in the Complaint, the group long term disability policy is governed by ERISA: "This is an action brought by a participant to recover long term disability benefits ("LTD") due to him under the terms of an insurance plan that is a wage replacement contract. The contract is part of an employment benefit, and therefor is governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits."  Complaint, ¶ 3; s*ee also* copy of the LTD policy attached as **Exhibit A**.  The LTD policy explicitly states, "This Policy will be interpreted under the Employee Retirement Income Security Act of 1974, as amended (ERISA)." *See* **Exhibit A**.  Accordingly, this action is one of a civil nature for damages claimed as a result of an alleged breach of an ERISA insurance contract.  Based on the ERISA nature of the claims alleged by Plaintiff, this Court has original jurisdiction over Plaintiff's action against Defendant under the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the Plaintiff's claims fall within the scope of 29 U.S.C. § 1132(a)(l)(B), Section 502(a)(1)(B) of ERISA.

Specifically, this is an action for benefits arising under ERISA. 29 U.S.C. § 1132(e)(1) confers original jurisdiction upon the district courts of the United States over claims initiated by plan participants, beneficiaries, or fiduciaries to recover benefits due or to enforce rights under employee benefit plans governed by ERISA. The Complaint asserts Plaintiff's rights to recover benefits under the terms of a plan. *See* Complaint, ¶ 20 ("Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan."). It is clear that this action arises under federal law, and this Court has original jurisdiction.

Further, while federal preemption is ordinarily a defense and, as such, would not satisfy the well-pleaded complaint rule for removal purposes, causes of action filed in state court that are completely preempted by ERISA because they come within the scope of Section 1132(a) are removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law. *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Briscoe v. Fine*, 444 F.3d 478, 496-98 (6th Cir. 2006); *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 942 (6th Cir. 1995); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991). The Supreme Court has emphasized that the "ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 542 U.S. at 208 (citations omitted). It is well-settled that ERISA's preemption provision is broad, and the Sixth Circuit has noted that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell*, 944 F.2d at 1276 (citations omitted). ERISA has broad preemptive power because Congress' "policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants

and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id*. at 208-09. *Davila* affirms this principle, holding "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id*. at 209.

To determine whether a claim is completely preempted, the Supreme Court has stated "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." "Whether a duty is 'independent' of an ERISA plan, for purposes of the *Davila* rule, does not depend merely on whether the duty nominally arises from a source other than the plan's terms." *Gardner v. Heartland Indus. Partners LP*, 715 F.3d 609, 613 (6th Cir. 2012).

Complete preemption, however, does not have to be readily apparent on the face of a complaint: "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002). "[D]istinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the pre-emptive scope of ERISA simply 'by relabeling their… claims.'" *Davila*, 542 U.S. 214; *see also Briscoe*, 444 F.3d at 499. Neither "can the mere fact that the state cause of action attempts to authorize remedies beyond those authorized by ERISA § 502(a) put the cause of action outside the scope of the ERISA civil enforcement mechanism." *Davila*, 542 U.S. at 214-215.

4810-4654-2936 v1
2786516-000098

Plaintiff's claim is completely preempted because he asserted a claim under ERISA § 502(a)(1)(B) in his Complaint, and United's actions do not implicate any other independent legal duty. The requisite federal question exists, as provided in 28 U.S.C. § 1331.

### IV.

The time period within which Defendant is required to file this Notice of Removal pursuant to 28 U.S.C. § 1446 has not yet expired. United first received notice of the action no earlier than November 27, 2017.

Defendant files herewith a copy of all process, pleadings, and orders served upon all parties to this action. See **Exhibit B**.

### V.

Notice to the Jefferson Circuit Court, which attaches a duplicate of this Notice of Removal to federal court, is being filed with the Clerk of the Jefferson Circuit Court as required by 28 U.S.C. § 1446(d). See **Exhibit C**.

### VI.

Notice of the filing of this Notice of Removal will be sent to the Plaintiff, the only adverse party, as required by 28 U.S.C. § 1446(d).

### VII.

The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Kentucky, and, as noted above, this cause of action is removable to the United States District Court for the Western District of Kentucky.

WHEREFORE, United files this Notice for the purpose of removing this action from the Circuit Court of Jefferson County to the United States District Court for the Western District of Kentucky.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

By:   s/Chad E. Wallace
       Chad E. Wallace (KY Bar No. 92832)
       100 Med Tech Parkway, Suite 200
       P.O. Box 3038
       Johnson City, Tennessee 37602
       (423) 928-0181
       (423) 979-7639 (fax)
       Email: cwallace@bakerdonelson.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 18, 2017 a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

       Robert A. Florio
       1500 Story Avenue
       Louisville, Kentucky 40206

       **BAKER, DONELSON, BEARMAN,
       CALDWELL & BERKOWITZ, PC**

By:   s/Chad E. Wallace
       Chad E. Wallace (KY Bar No. 92832)

4810-4654-2936 v1
2786516-000098