# Exhibit B



| | | |
|---|---|---|
| Alison Lundergan Grimes<br>Secretary of State | **Commonwealth of Kentucky**<br>Office of the Secretary of State | Summons Division<br>PO BOX 718<br>FRANKFORT, KY 40602-0718 |

November 28, 2017

MUTUAL OF OMAHA LIFE
INSURANCE CO.
3300 MUTUAL OF OMAHA PLACE
OMAHA, NE 68175



FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 17-CI-06112

COURT:  Circuit Court Clerk
        Jefferson County, Division: 12
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

   (1) Your attorney, or
   (2) **The attorney filing this suit whose name should appear on the last page of the complaint**, or
   (3) **The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.



Kentucky Secretary of State's Office       Summons Division                              11/28/2017

| | | |
|---|---|---|
| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. 17-CI-06112<br>Court ☑ Circuit ☐ District<br>County Jefferson |

**PLAINTIFF**
JEFFERSON CIRCUIT COURT
DIVISION TWELVE (12)

TODD COMPTON

VS.

**DEFENDANT**

MUTUAL OF OMAHA LIFE INSURANCE CO.
3300 MUTUAL OF OMAHA PLACE
OMAHA NE 68175

RECEIVED NOV 27 2017

Service of Process Agent for Defendant:
SECRETARY OF STATE

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you** or by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: NOV 16 2017

DAVID L. NICHOLSON, CLERK

_____ Clerk
By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:
_____
this _____ day of _____, 2_____.

Served by: _____
_____ Title

NO. 17 CI 06112

JEFFERSON CIRCUIT COURT
DIVISION JEFFERSON CIRCUIT COURT
DIVISION TWELVE (12)

TODD COMPTON ) PLAINTIFF
)
v. )
) **COMPLAINT**
)
)
) DEFENDANT
MUTUAL OF OMAHA )
MUTUAL OF OMAHA PLAZA )
OMAHA NE 68175 )
)
)
SERVE: )
SECRETARY OF STATE )
700 CAPITOL AVE )
SUITE 152 )
STATE CAPITOL )
FRANKFORT KY 40601

\*\*\*   \*\*\*   \*\*\*

Comes the Plaintiff, TODD COMPTON by counsel, and for his cause of action against Defendant states as follows:

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY_____D.C.

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Mutual of Omaha (hereinafter "carrier" or "Defendant" or "Omaha") is a corporation doing business in the Commonwealth of Kentucky.
3. This is an action brought by a participant to recover long term disability benefits ("LTD") due to his under the terms of an insurance plan that is a wage replacement contract. The contract is part of an employment benefit, and therefor is governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.
4. This Court has concurrent jurisdiction with the Federal District Court.

## FACTS

5. Plaintiff was a full-time employee of employer ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim # 170390003901.
6. As a full time employee, Plaintiff was eligible for, and was participating in the LTD disability plan ("plan") offered by employer.
7. At all times relevant to this Complaint, the plan was administered by Omaha and at all relevant times Omaha remained the so called "plan administrator".
8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.
9. Plaintiff applied for and was awarded LTD coverage. He was paid for a while, but subsequently Defendant re-reviewed the claims file and denied coverage.
10. Plaintiff has exhausted all administrative remedies with regards to the LTD.
11. Omaha's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Omaha fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work. By relying only on its reviewing physicians, Omaha has violated its fiduciary duty to Plaintiff and the ERISA statue. Kalish v. Liberty Mutual, 419 F.3d 501 (6th Cir. 2005).
12. Omaha's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of his disability. Omaha refused to consider all of the Plaintiff's medical ailments and combined effect on him to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.
13. Omaha's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.
14. Omaha is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.
15. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.
16. Defendant Omaha's conclusions that Plaintiff is not totally disabled was arbitrary and

capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

17. At all relevant times Omaha was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.

18. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

19. Even if a favorable SSA award is presented after the compilation of the Administrative Record, Defendant cannot ignore the finding of SSA without adequate explanation in its decision. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

## COUNT 1
## BREACH OF ERISA STATUTE

20. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

21. Defendant has wrongfully denied Plaintiff STD benefits and has breached the terms of the Plan under the dictates of the simple contract.

22. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing his ERISA contractual rights as well as any other rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of

benefits has caused respecting Plaintiff's credit history;

5. For his costs expended herein;
6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Counsel for Plaintiff
502-587-0228

*[Envelope, rotated. First-class US postage $007.29, dated 11/28/2017, ZIP 40601. Certified Mail barcode 7017 2680 0000 2218 2466. Return address: Kentucky, ALISON LUNDERGAN GRIMES, SECRETARY OF STATE, P.O. Box 718, Frankfort, Kentucky 40602-0718, REGISTER TO VOTE. Addressed to: MUTUAL OF OMAHA LIFE INSURANCE CO., 3300 MUTUAL OF OMAHA PLACE, OMAHA, NE 68175. Handwritten notation: "3-Law".]*

